JUDGE SCHEINDLIN

# 12 CIV 6831

Ameer Benno, Esq. [AB-1130]
BENNO & ASSOCIATES P.C.
110 Wall Street, 11th Floor
New York, NY 10005
Tel.: (212) 227-9300
abenno@ameerbenno.com
Attorneys for Plaintiff



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

DERRICK BROWN, an infant, by his mother and next friend DOROTHY BROWN, DOROTHY BROWN individually, RODGER NEWTON, and DERIAZSHA LIMBACKER,

Plaintiffs,

-against-

THE CITY OF NEW YORK, DETECTIVE SEAN DRAIN (Shield 6915), DETECTIVE JOSEPH PETRELLI (Shield 05002), SERGEANT JUAN ORTIZ, and "JOHN DOES 1-15" (names being fictitious and presently unknown, and intended to be the police officers involved in the investigation culminating in, the application for and the execution of a search warrant on plaintiffs' residence on June 16, 2011, and in the search, arrest, detention and prosecution of plaintiffs),

Defendants.

---

Civil Case No.

COMPLAINT FOR DAMAGES
(42 USC § 1983)

A Jury Trial is Demanded

## INTRODUCTORY STATEMENT

1.      This is an action for damages sustained by citizens of the United States against the City of New York and police officers of the New York City Police Department, who unlawfully entered and searched plaintiffs' residence, located at 60 Pitt Street, Apt. 14E, in the County and State of New York, on June 16, 2011, and thereafter unlawfully arrested, assaulted, imprisoned, and maliciously prosecuted plaintiffs.

1

## JURISDICTION

2.    This action is brought pursuant to 42 USC §§ 1983, 1988, and the Fourth and Fourteenth Amendments to the Constitution of the United States.

3.    This Court has subject matter jurisdiction of the action under 28 USC §§ 1331, 1343(a), (3), and (4).

4.    This Court may also exercise supplemental jurisdiction over plaintiffs' state law claims that arise from the same facts and circumstances under 28 USC § 1367.

## NOTICE OF CLAIM

5.    Prior to the institution of this action and within ninety (90) days from the date when the causes of action accrued herein, a notice of claim and intention to sue was duly served upon and filed with the CITY on behalf of plaintiffs.[1]

6.    This action was not commenced until the expiration of thirty (30) days after such notice of claim and intention to sue was presented and the CITY has neglected and/or refused to make adjustment or payment thereon.

---

[1]    On December 14, 2011, plaintiffs DOROTHY BROWN and DERRICK BROWN served their Notice of Claim on defendant CITY, within 90 days of the dismissal of the criminal charges against them. On February 22, 2012, plaintiffs RODGER NEWTON and DERIAZSHA LIMBACKER served their Notice of Claim asserting all claims on defendant CITY within 90 days of the dismissal of the criminal charges against them. All four plaintiffs were thereafter questioned about the events at issue at their respective GML § 50-h hearings. Plaintiffs subsequently petitioned in Supreme Court, New York County to deem their Notices of Claim timely served with respect to the state law claims for, inter alia, negligence, false arrest, false imprisonment, assault and battery, intentional and negligent infliction of emotional distress, and negligent hiring, training, supervision and retention, or, in the alternative to permit plaintiffs to serve late Notices of Claim asserting those claims. By Decision and Order dated September 5, 2012 and filed with the Clerk of the Court on September 6, 2012, the court granted plaintiffs' motion and directed that plaintiffs serve a new Notice of Claim asserting the relevant claims together with "the necessary authorizations to permit respondents to examine and copy the records of the criminal cases that underlie their claims." Brown, et al. v. City of New York, et al., Index No. 151469/2012, at 7 (Sup. Ct. N.Y. Co. September 5, 2012) (Lobis, J.). On September 10, 2012, those documents were served on defendant CITY in conformity with the court's directive.

7.      This action is being commenced within one year and ninety days after the causes of action accrued herein.

## PARTIES

8.      Plaintiff DOROTHY BROWN is a resident of the City of New York, and at all times relevant to the allegations of this complaint was and is a citizen of the United States, and resident of the County and State of New York.

9.      Plaintiff DOROTHY BROWN is the wife of co-plaintiff RODGER NEWTON, and is the biological mother of co-plaintiffs DERIAZSHA LIMBACKER and DERRICK BROWN.

10.     DOROTHY BROWN is the natural guardian and next friend of infant plaintiff DERRICK BROWN.

11.     Plaintiff RODGER NEWTON is a resident of the City of New York, and at all times relevant to the allegations of this complaint was and is a citizen of the United States, and resident of the County and State of New York.

12.     Plaintiff RODGER NEWTON is the husband of co-plaintiff DOROTHY BROWN, and the step-father of co-plaintiffs DERIAZSHA LIMBACKER and DERRICK BROWN.

13.     Plaintiff DERIAZSHA LIMBACKER is a resident of the City of New York, and at all times relevant to the allegations of this complaint was and is a citizen of the United States, and resident of the County and State of New York.

14.     Infant plaintiff DERRICK BROWN is a resident of the City of New York, and at all times relevant to the allegations of this complaint was and is a citizen of the United States, and resident of the County and State of New York.

15. That at all times hereinafter mentioned, defendant THE CITY OF NEW YORK (hereinafter referred to as "CITY"), was and still is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

16. That at all times hereinafter mentioned, defendant CITY operated, controlled and maintained a police force known as the New York City Police Department.

17. That at all times hereinafter mentioned, the New York City Police Department (hereinafter referred to as "NYPD") was a subdivision, department or agency of defendant CITY.

18. That at all times relevant to this action, defendant DETECTIVE SEAN DRAIN (hereinafter referred to as "DRAIN") was a police officer employed by the New York City Police Department to perform duties in the City of New York, County of New York.

    a. At all relevant times, this defendant was acting as the agent, servant, and employee of defendant CITY.

    b. That at all times herein mentioned, this defendant was acting under color of state law.

    c. This defendant is sued in his personal and official capacity.

19. That at all times relevant to this action, defendant DETECTIVE JOSEPH PETRELLI (hereinafter referred to as "PETRELLI") was a police officer employed by the New York City Police Department to perform duties in the City of New York, County of New York.

    a. At all relevant times, this defendant was acting as the agent, servant, and employee of defendant CITY.

    b.  That at all times herein mentioned, this defendant was acting under color of state law.

    c.  This defendant is sued in his personal and official capacity.

20.    At all times relevant to this action, defendant SERGEANT JUAN ORTIZ (hereinafter referred to as "ORTIZ") was a police detective employed by the New York City Police Department to perform duties in the City of New York, County of New York.

    a.  At all relevant times, this defendant was acting as the agent, servant, and employee of defendant CITY.

    b.  That at all times herein mentioned, this defendant was acting under color of state law.

    c.  This defendant is sued in his personal and official capacity.

21.    At all times relevant to this action, defendant "JOHN DOES" 1 through 15 (hereinafter "DOES 1-15") were police officers employed by the New York City Police Department, who were involved in the application for and execution of a search warrant on plaintiffs' residence on June 16, 2011, in the search of that premises that day, and in the assault/battery, detention, arrest, imprisonment, and subsequent prosecution of plaintiffs. These defendants' names are currently unknown to and undiscoverable by plaintiffs. Plaintiffs will amend this complaint to state the true names of "JOHN DOES 1-15" as soon as possible.

    a.  At all relevant times, these defendants were acting as the agents, servants, and employees of defendant CITY.

    b.  That at all times herein mentioned, these defendants was acting under color of state law.

      c.  These defendants are sued in their personal and official capacities.

22.     The defendant CITY is a municipal corporation within the State of New York and. at all relevant times. it employed the other defendants in this action.

23.     At all relevant times and in all their actions, the defendants were acting under color of law and pursuant to their authority as police personnel.

### JURY TRIAL DEMANDED

24.     Plaintiffs demand a trial by jury on each and every one of their claims as pleaded herein.

### VENUE

25.     Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391 (b) and (c).

### FACTUAL ALLEGATIONS

26.     On or about June 16, 2011, at approximately 3:00 p.m., plaintiffs DOROTHY BROWN. RODGER NEWTON. DERIAZSHA LIMBACKER, and infant plaintiff DERRICK BROWN were inside their apartment, located at 60 Pitt Street, Apt. 14E, New York, NY, along with plaintiffs DOROTHY BROWN's and plaintiff RODGER NEWTON's seven-year-old son Rodger Newton, Jr., their five-year-old son Jaden Newton, their two-year-old son Jahzier Newton. and their two-year-old granddaughter, Jaidah Henderson.

27.     Plaintiff DERIAZSHA LIMBACKER is the daughter of plaintiff DOROTHY BROWN and the step-daughter of plaintiff RODGER NEWTON. On June 11, 2011, plaintiff DERIAZSHA LIMBACKER was five months pregnant with twins.

28.     Infant plaintiff DERRICK BROWN is the son of plaintiff DOROTHY

BROWN and the step-son of plaintiff RODGER NEWTON.

29.    At around 3:00 p.m. that afternoon, plaintiff DOROTHY BROWN sent her son, plaintiff DERRICK BROWN, to Key Foods to pick up some grocery items.

30.    At approximately 3:30 p.m. that day, police officers in raid gear with their guns drawn, including the defendant police officers herein, burst through the front door of plaintiff's apartment without any right or justifiable grounds and threw plaintiff RODGER NEWTON to the floor at gunpoint and rear-handcuffed him without any right or justifiable grounds.

31.    Defendants then entered plaintiff DOROTHY BROWN's bedroom, put a gun to her head in front of her two-year-old son and ordered her to get on the floor as well. Once on the ground, defendants rear-handcuffed her without any right or justifiable grounds.

32.    Even though plaintiff DOROTHY BROWN's two-year old son Jahzier immediately started crying from seeing this, defendants would not let plaintiff DOROTHY BROWN calm him down, nor would they let plaintiff DOROTHY BROWN attend to her other children and grandchild, who were also crying.

33.    Defendants also burst into the bedroom of plaintiff DERIAZSHA LIMBACKER, where she was on prescribed bed rest due to a high-risk pregnancy, and where she was accompanied by her two-year-old daughter Jaidah.

34.    Defendants had their guns drawn and forced plaintiff DERIAZSHA LIMBACKER to the floor at gunpoint in front of her two-year-old daughter, Jaidah.

35.    When plaintiff DERIAZSHA LIMBACKER was on the ground, one of defendants placed a gun against her head while another one rear-handcuffed her without any right or justifiable grounds. At the time this took place, Jaidah was sitting on the bed crying.

36.   Plaintiff DERIAZSHA LIMBACKER remained on the floor in the bedroom for several minutes, during which time she told defendants several times that she was pregnant, but defendants repeatedly told her to "shut up."

37.   Plaintiff RODGER NEWTON also informed defendants that plaintiff DERIAZSHA LIMBACKER was pregnant, but the officers told him to "shut the fuck up."

38.   After plaintiffs DOROTHY BROWN, RODGER NEWTON, and DERIAZSHA LIMBACKER were all handcuffed on the floor, defendants brought all the children in to the living room and made them all sit on the sofa. The children were crying.

39.   Defendants then ransacked the apartment.

40.   At approximately this time, plaintiff DERRICK BROWN returned home from the grocery store. A group of police officers in raid gear, including defendant police officers herein, were positioned outside the door of Apartment 14E. When those officers saw plaintiff DERRICK BROWN, they asked him for his name and where he was going. When he told his name and that he was going into the apartment, the officers ordered him to drop the grocery bags and they seized him without any right or justifiable grounds, handcuffed him, forcibly searched him, and ordered him to stand against the wall.

41.   After plaintiffs DOROTHY BROWN, RODGER NEWTON, and DERIAZSHA LIMBACKER had been lying on the floor handcuffed for approximately fifteen minutes, defendants marched them, while still rear-handcuffed, out of the apartment and into the public hallway of the apartment building, and ordered them to line up against a wall.

42.   Plaintiffs were made to stand in the hallway handcuffed and surrounded by police for over an hour. During this time, plaintiffs, who were handcuffed and surrounded

by police officers, were in full view of neighbors and members of the public who were passing by. Further, the front door to plaintiffs' apartment was wide open, and everyone could see the police officers inside ransacking the apartment. Plaintiffs were thus exposed to embarrassment, humiliation, and indignity.

43.    While plaintiffs were in the hallway, defendants searched them. Although defendants found no contraband on any of them, defendants announced that they had found a marijuana cigarette in plaintiff DERRICK BROWN's hat. This accusation was completely untrue and fictitious.

44.    While plaintiffs were in the hallway, the young children in the apartment – seven-year-old son Rodger Newton, Jr., five-year-old son Jaden Newton, two-year-old son Jahzier Newton, and two-year-old granddaughter, Jaidah Henderson – were kept by defendants inside the apartment, and plaintiffs could hear all of them sobbing.

45.    While we were in the hallway handcuffed and in public view, the officers searched plaintiffs.

46.    Defendants kept plaintiffs handcuffed and against the wall in the public hallway for approximately one hour, during which time plaintiffs could all hear the young children inside the apartment crying. When plaintiffs asked defendants if they could call someone to get the children, they were told abruptly that they could not call anyone.

47.    While plaintiffs were handcuffed in the hallway, the twelve-year-old daughter of plaintiffs DOROTHY BROWN and RODGER NEWTON, Jasmine Dixon, came home from school. As soon as she came off the elevator and saw plaintiffs in the hallway handcuffed and surrounded by police officers, she began crying. Defendants immediately pushed her into the apartment and questioned her, telling her that she could

help get the cuffs of her mother if she told them where the drugs were.

48.     At one point, in front of the children, defendants threatened plaintiffs that they would call ACS and have all the children taken away.

49.     Eventually, plaintiff DOROTHY BROWN'S sister was summoned to the apartment, and she took the young children.  At that point, defendants brought plaintiffs downstairs and ordered them to get into a police van.

50.     Defendants consistently refused to show plaintiffs the search warrant, despite the fact that plaintiffs requested to see it.

51.     Plaintiffs, all of whom remained rear-handcuffed, were shoved into the back of the police van by defendants.  It was a hot day and the van had no windows, and no air conditioning was put on.  Plaintiffs asked defendants to open the doors because it was excessively hot and because plaintiff RODGER NEWTON suffers from asthma and plaintiff DERIAZSHA LIMBACKER was five-months pregnant, but defendants ignored plaintiffs' repeated requests.

52.     After plaintiffs were in the van for nearly one-half hour, the van finally began driving.  However, it soon stopped again for another ten minute stretch before finally driving to the Seventh Precinct.

53.     After being held at the stationhouse for several hours, plaintiffs DOROTHY BROWN, RODGER NEWTON, and DERIAZSHA LIMBACKER were released with a desk appearance ticket for possession of marijuana.

54.     At no time did any of plaintiffs possess marijuana or engage in any unlawful activity, and their arrests and detentions were completely unjustified and wholly illegal.

55.     After  plaintiffs  DOROTHY  BROWN,  RODGER  NEWTON,  and

DERIAZSHA LIMBACKER were issued the desk appearance ticket, they asked the police officers to show them the search warrant. One of the officers held it up, but would not let me have it or read it. The officers laughed at them and told them that if they wanted to see the search warrant, they should get a lawyer.

56.     Plaintiff DERRICK BROWN was not released, however. Defendants kept plaintiff DERRICK BROWN in a holding cell at the 7th Precinct for several hours after which they brought him to Central Booking.

57.     After plaintiffs DOROTHY BROWN, RODGER NEWTON, and DERIAZSHA LIMBACKER left the precinct, they returned back to their apartment only to find that there was a padlock on the front door, and that they were unable to get inside.

58.     Plaintiffs DOROTHY BROWN, RODGER NEWTON, and DERIAZSHA LIMBACKER called the police station and told them that the door to the apartment was padlocked, but the police officer refused to assist them.

59.     Plaintiffs (and all my children), remained locked out of their home until the evening of the following day when the police finally unlocked the door.

60.     The following day, on June 17, 2011, plaintiffs DOROTHY BROWN, RODGER NEWTON, and DERIAZSHA LIMBACKER went to Criminal Court for plaintiff DERRICK BROWN's arraignment.

61.     Plaintiff DERRICK BROWN was charged with five counts of Criminal Sale of Marijuana (Penal Law § 221.40) and one count of Unlawful Possession of Marijuana (Penal Law § 221.05) under New York County Docket Number 2011NY044274.

62.     The Criminal Court Complaint, which was signed under oath by defendant DETECTIVE SEAN DRAIN, and which was based in part on information supposedly

provided to defendant DETECTIVE SEAN DRAIN by defendant DETECTIVE JOSEPH PETRELLI, alleged that plaintiff DERRICK BROWN had sold marijuana to a police informant on five separate occasions and that on June 16, 2011, defendant DETECTIVE SEAN DRAIN recovered two marijuana cigarettes from a back bedroom inside 60 Pitt Street, Apartment 14E. These allegations were completely false and fabricated.

63.     Upon plaintiff DERRICK BROWN's plea of not guilty, the judge set $500 cash bail on him and adjourned the matter to July 22, 2011 for the People to file a supporting deposition. Plaintiff DERRICK BROWN was released from jail later that day, when his bail was posted.

64.     Plaintiffs spent the rest of that day trying to get back into their apartment, and the police finally let them in that evening.

65.     When plaintiffs entered the apartment, it was in complete disarray. The front door was broken and the police officers had kicked a hole through a bedroom door which did not even have a lock on it. The kitchen cabinets were all open and all of plaintiffs' food was out and opened. The food from the freezer had been left on the floor. Plaintiffs' couch was ripped, the tables were overturned, and plaintiffs' clothes and papers were strewn everywhere.

66.     On July 11, 2011, which, upon information and belief was the return date for plaintiffs DOROTHY BROWN, RODGER NEWTON, and DERIAZSHA LIMBACKER desk appearance tickets, plaintiffs DOROTHY BROWN, RODGER NEWTON, and DERIAZSHA LIMBACKER went to court.

67.     Plaintiff DOROTHY BROWN was arraigned under New York County Docket Number 2011NY048720, and was charged with one count of Unlawful Possession

of Marijuana (Penal Law § 221.05).

68.     The Criminal Court Complaint against plaintiff DOROTHY BROWN was signed under oath by the arresting officer, defendant DETECTIVE SEAN DRAIN, and alleged that defendant DETECTIVE SEAN DRAIN had recovered one cigarette of marijuana and two baggies with marijuana residue from a windowsill inside the apartment. These allegations were completely false and fabricated.

69.     At plaintiff DOROTHY BROWN's arraignment, she pleaded not guilty and was released on her own recognizance.

70.     On July 11, 2011, plaintiff DERIAZSHA LIMBACKER was arraigned under New York County Docket Number 2011NY048719, and was charged with one count of Unlawful Possession of Marijuana (Penal Law § 221.05).

71.     The Criminal Court Complaint against plaintiff DERIAZSHA LIMBACKER was signed under oath by the arresting officer, defendant DETECTIVE SEAN DRAIN, and alleged that defendant DETECTIVE SEAN DRAIN had recovered one cigarette of marijuana and two baggies with marijuana residue from a windowsill inside the apartment. These allegations were totally false and fabricated.

72.     At the time of this court appearance, plaintiff DERIAZSHA LIMBACKER was on doctor-ordered bed rest because of her pregnancy, yet she still had to go to court, despite the health risk.

73.     At plaintiff DERIAZSHA LIMBACKER's arraignment, she pleaded not guilty and was released on her own recognizance.  She was ordered to return to court on October 12, 2011 for trial.

74.     On August 26, 2011, plaintiff DERIAZSHA LIMBACKER gave birth to the

twins, Christian and Chloe. Since they were born very prematurely, they were placed in the hospital's Neo-Natal Intensive Care Unit ("NICU").

75.    Christian was released from the NICU on September 23, 2011, and Chloe was released from the NICU on October 7, 2011.

76.    Despite the fact that plaintiff DERIAZSHA LIMBACKER was the sole caretaker for her newborn children, and despite their delicate health and the fact that they had just been released from the NICU, she was required to spend the day in court on October 12, 2011 for her criminal case, and not with her children.

77.    On July 11, 2011, plaintiff RODGER NEWTON was arraigned under New York County Docket Number 2011NY048721, and was charged with one count of Unlawful Possession of Marijuana (Penal Law § 221.05).

78.    The Criminal Court Complaint against plaintiff RODGER NEWTON was signed under oath by the arresting officer, defendant DETECTIVE SEAN DRAIN, and alleged that defendant DETECTIVE SEAN DRAIN had recovered one cigarette of marijuana and two baggies with marijuana residue from a windowsill inside the apartment. These allegations were completely false and fabricated.

79.    At plaintiff RODGER NEWTON's arraignment, he pleaded not guilty and was released on his own recognizance. .

80.    Thereafter, plaintiffs DOROTHY BROWN, RODGER NEWTON, DERIAZSHA LIMBACKER, and DERRICK BROWN were required to return to court on several occasions to defend against the false and fabricated charged that had been lodged against them.

81.    On September 26, 2011, the case against plaintiff DERRICK BROWN was

dismissed in its entirety.

82.    On November 15, 2011, the case against plaintiff DOROTHY BROWN was dismissed in its entirety.

83.    On January 30 2012, the case against plaintiff DERIAZSHA LIMBACKER was dismissed in its entirety.

84.    On January 30 2012, the case against plaintiff RODGER NEWTON was dismissed in its entirety.

85.    As a result of the defendants' misconduct described above, plaintiffs experienced great indignities, including severe humiliation, physical and emotional injury and distress, pain and suffering, and loss of liberty, and were otherwise damaged, incurred expenses, lost earnings, and legal fees in connection with the defense on the charges that were lodged against them.

86.    Plaintiffs were also severely physically and emotionally injured as a result of the conduct described in this complaint.

87.    The abuse to which plaintiffs were subjected was consistent with an institutionalized practice of the NYPD, which was known to and ratified by defendant CITY.

88.    Despite knowledge of these institutionalized practices, the defendant CITY has at no time taken any effective action to prevent NYPD personnel from continuing to engage in this type of misconduct.

89.    Defendant CITY had prior notice of the vicious propensities of defendants DRAIN, PETRELLI, ORTIZ, and DOES 1-15, but took no steps to train them, correct their abuse of authority, or to discourage their unlawful use of authority.

90.     The failure of defendant CITY to properly train defendants DRAIN, PETRELLI, ORTIZ, and DOES 1-15 included the failure to instruct them in applicable provisions of the Penal Law and/or Criminal Procedure Law of the State of New York, search warrant practice, the proper and prudent use of force, and in the statutory and constitutional limitations on police conduct.

91.     Defendant CITY authorized, tolerated as institutionalized practices, and ratified the misconduct detailed above by, inter alia:

> a.  Failing to properly investigate the reliability and bases of knowledge of confidential informants;
>
> b.  Failing to properly discipline, restrict, and control employees, including defendants DRAIN, PETRELLI, ORTIZ, and DOES 1-15 known to be irresponsible in their dealings with citizens of the community;
>
> c.  Failing to take adequate precautions in the hiring, promotion, and retention of police personnel, including specifically defendants DRAIN, PETRELLI, ORTIZ, and DOES 1-15.
>
> d.  Failing to forward to the office of the District Attorney of New York County evidence of criminal acts committed by police personnel;
>
> e.  Failing to establish or assure the functioning of a bona fide and meaningful departmental system for dealing with complaints of police misconduct, but instead responding to these types of complaints with bureaucratic power and official denials calculated to mislead the public.

92. As a consequence of the abuse of authority detailed above, plaintiffs sustained the damages alleged above.

93. That all of the causes of action pleaded herein fall within one or more of the exceptions set forth in New York's Civil Practice Law & Rules § 1602 with respect to joint and several liability.

## FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS
### (Illegal and Unreasonably Conducted Search)

94. Plaintiffs repeat and re-allege each and every allegation set forth above as though fully set forth at length herein.

95. The search of plaintiffs' residence by NYPD officers, including defendants herein, was unlawful and/or unreasonably conducted.

96. Defendants' aforesaid violent, unnecessary, unwarranted, intrusive, and unlawful conduct during said search deprived plaintiffs of their rights, privileges and immunities secured by the Constitution of the United States of America, inter alia, plaintiffs' rights under the Fourth and Fourteenth Amendments.

97. That as a result of the foregoing, plaintiffs were severely and seriously injured, both bodily and mentally, suffered a loss of enjoyment of life, loss of liberty, suffered economic loss and other damages.

98. Defendant CITY is liable for the damages suffered by plaintiffs as a result of the conduct of its agents, servants and/or employees, under the doctrine of respondeat superior.

99. The amount of damages sought in this action exceeds the jurisdictional limits of all lower Courts that might otherwise have jurisdiction.

## SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS
### (42 U.S.C § 1983 based on Illegal and Unreasonably Conducted Search)

100.    Plaintiffs repeat and re-allege each and every allegation set forth above as though fully set forth at length herein.

101.    The search of plaintiffs' residence by NYPD officers, including defendants herein, was unlawful and/or unreasonably conducted.

102.    Defendants' aforesaid violent, unnecessary, unwarranted, intrusive, and unlawful conduct during said search deprived plaintiffs of their rights, privileges and immunities secured by the Constitution of the United States of America, inter alia, plaintiffs' rights under the Fourth and Fourteenth Amendments.

103.    That as a result of the foregoing, plaintiffs were severely and seriously injured, both bodily and mentally, suffered a loss of enjoyment of life, loss of liberty, suffered economic loss and other damages.

104.    Defendants DRAIN, PETRELLI, ORTIZ, and DOES 1-15 are sued in their individual and official capacities.

## THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS
### (False Arrest/Imprisonment)

105.    Plaintiffs repeats and re-alleges each and every allegation set forth above as fully set forth at length herein.

106.    That on or about June 16, 2011, at approximately 4:00 p.m. at 60 Pitt Street, Apr. # 14E, New York, NY 10002, the CITY, its agents, servant and/or employees, including defendants DRAIN, PETRELLI, ORTIZ, and DOES 1-15, wrongfully and falsely arrested, imprisoned and detained plaintiffs without any right or justifiable grounds therefore.

107.    That plaintiffs' arrests, detentions and imprisonments were caused by the CITY, its agents, servant and/or employees, including defendants DRAIN, PETRELLI, ORTIZ, and DOES 1-15, without any warrant and without any reasonable cause or belief that plaintiff was in fact guilty of any offense.

108.    That defendants, who were acting in concert and within the scope of their employment, intended to confine plaintiffs; that the aforesaid plaintiffs were conscious of the confinement; that the aforesaid plaintiffs did not consent to the confinement; and that the confinements were not otherwise privileged.

109.    That by virtue of the aforementioned acts, defendants, who were acting in concert and within the scope of their employment, are liable to plaintiffs for false arrest/imprisonment.

110.    Said acts and conduct of defendants were the direct and proximate cause of injury and damage to plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

111.    That as a result of the foregoing, plaintiffs were severely and seriously injured, both bodily and mentally, suffered a loss of enjoyment of life, loss of liberty, suffered economic loss and other damages.

112.    Defendant CITY is liable for the damages suffered by plaintiffs as a result of the conduct of its agents, servants and/or employees, under the doctrine of <u>respondeat superior</u>.

113.    The amount of damages sought in this action exceeds the jurisdictional limits of all lower Courts that might otherwise have jurisdiction.

## FOURTH CAUSE OF ACTION AGAINST DEFENDANTS
## DRAIN, PETRELLI, ORTIZ, and DOES 1-15
### (42 U.S.C. § 1983 based on False Arrest/Imprisonment)

114.    Plaintiffs repeat and re-alleges each and every allegation set forth above as fully set forth at length herein.

115.    That by virtue of the aforementioned acts by defendants DRAIN, PETRELLI, ORTIZ, and DOES 1-15, who were acting in concert and within the scope of their employment, plaintiffs were deprived of their civil rights guaranteed under the Constitution of the United States, including his right under the Fourth and Fourteenth Amendments to the U.S. Constitution to be free from unreasonable or unlawful searches and seizures, and defendants DRAIN, PETRELLI, ORTIZ, and DOES 1-15 therefore are liable to the aforeseaid plaintiffs for damages under 42 U.S.C. § 1983.

116.    That as a result of the foregoing, plaintiffs were severely and seriously injured, both bodily and mentally, suffered a loss of enjoyment of life, loss of liberty, suffered economic loss and other damages.

117.    Defendants DRAIN, PETRELLI, ORTIZ, and DOES 1-15 are sued in their individual and official capacities.

118.    The amount of damages sought in this action exceeds the jurisdictional limits of all lower Courts that might otherwise have jurisdiction.

## FIFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
### (Malicious Prosecution)

119.    Plaintiffs repeat and re-allege each and every allegation set forth above as fully set forth at length herein.

120.    That following their arrests, plaintiffs were wrongfully, falsely and maliciously charged by NYPD officers, including but not limited to defendants DRAIN,

PETRELLI, ORTIZ, and DOES 1-15, and prosecuted for offenses of which they were innocent.

121.    That as a result thereof, plaintiffs were required to appear in court to defend against these wrongful charges.

122.    That the aforesaid charges against plaintiffs were dismissed.

123.    That by virtue of the aforementioned acts, defendants, who were acting in concert and within the scope of their employment, are liable to plaintiffs for malicious prosecution.

124.    Said acts and conduct of defendants were the direct and proximate cause of injury and damage to plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

125.    That as a result of the foregoing, plaintiffs were severely and seriously injured, both bodily and mentally, suffered a loss of enjoyment of life, loss of liberty, suffered economic loss and other damages.

126.    Defendant CITY is liable for the damages suffered by plaintiffs as a result of the conduct of its agents, servants and/or employees, including but not limited to defendants DRAIN, PETRELLI, ORTIZ, and DOES 1-15 under the doctrine of respondeat superior.

127.    The amount of damages sought in this action exceeds the jurisdictional limits of all lower Courts that might otherwise have jurisdiction.

## SIXTH CAUSE OF ACTION AGAINST DEFENDANTS
## DRAIN, PETRELLI, ORTIZ, and DOES 1-15
### (42 U.S.C. § 1983 based on Malicious Prosecution)

128.    Plaintiffs repeat and re-allege each and every allegation set forth above as fully set forth at length herein.

129.    That by virtue of the aforementioned acts by defendants DRAIN, PETRELLI, ORTIZ, and DOES 1-15, who were acting in concert and within the scope of their employment, plaintiffs were deprived of their civil rights guaranteed under the Constitution of the United States, including their rights under the Fourth and Fourteenth Amendments to the U.S. Constitution to be free of unreasonable searches and seizures, and defendants DRAIN, PETRELLI, ORTIZ, and DOES 1-15 therefore are liable to plaintiffs for damages under 42 U.S.C. § 1983.

130.    That as a result of the foregoing, plaintiffs were severely and seriously injured, both bodily and mentally, suffered a loss of enjoyment of life, loss of liberty, suffered economic loss and other damages.

131.    Defendants DRAIN, PETRELLI, ORTIZ, and DOES 1-15 are sued in their individual and official capacities.

132.    The amount of damages sought in this action exceeds the jurisdictional limits of all lower Courts that might otherwise have jurisdiction.

## SEVENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
### (Assault)

133.    Plaintiffs repeat and re-allege each and every allegation set forth above as though fully set forth at length herein.

134.    The above-described actions of defendants DRAIN, PETRELLI, ORTIZ, and DOES 1-15, employees of defendant CITY, while acting in concert and within the

scope of their employment, made plaintiffs fear for their physical well-being and safety and placed them in apprehension of immediate harmful and/or offensive touching.

135.    Said actions by defendants DRAIN, PETRELLI, ORTIZ, and DOES 1-15 constituted willful, unlawful, unwarranted, and intentional assaults upon plaintiffs.

136.    Said acts and conduct of defendants were the direct and proximate cause of injury and damage to plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

137.    Defendant CITY is liable for the damages suffered by plaintiffs as a result of the conduct of its agents, servants and/or employees, including but not limited to defendants DRAIN, PETRELLI, ORTIZ, and DOES 1-15, under the doctrine of respondeat superior.

138.    That as a result of the foregoing, plaintiffs were severely and seriously injured, both bodily and mentally, suffered a loss of enjoyment of life, loss of liberty, suffered economic loss and other damages.

139.    The amount of damages sought in this action exceeds the jurisdictional limits of all lower Courts that might otherwise have jurisdiction.

## EIGHTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
### (Battery)

140.    Plaintiffs repeats and re-alleges each and every allegation set forth above as fully set forth at length herein.

141.    NYPD police officers, including but not limited to defendants DRAIN, PETRELLI, ORTIZ, and DOES 1-15, employees of defendant CITY, while acting in concert, assaulted, battered, intimidated, threatened, menaced, and struck plaintiffs.

142.    That the aforesaid conduct by said officers, including but not limited to defendants DRAIN, PETRELLI, ORTIZ, and DOES 1-15, was without the consent of plaintiffs.

143.    That the aforesaid conduct by said officers, including but not limited to defendants DRAIN, PETRELLI, ORTIZ, and DOES 1-15, was offensive in nature.

144.    That the aforesaid conduct by said officers, including but not limited to defendants DRAIN, PETRELLI, ORTIZ, and DOES 1-15, was intentional.

145.    That the aforesaid conduct by said officers, including but not limited to defendants DRAIN, PETRELLI, ORTIZ, and DOES 1-15, was with the intent of causing physical, emotional and/or psychological harm and/or other injuries to plaintiffs.

146.    Said actions were excessive, unwarranted, unnecessary and violent and violated plaintiffs' rights under laws and Constitution of the State of New York.

147.    Said acts and conduct of said officers, including but not limited to defendants DRAIN, PETRELLI, ORTIZ, and DOES 1-15, were the direct and proximate cause of injury and damage to plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

148.    Defendant CITY is liable for the damages suffered by plaintiffs as a result of the conduct of its agents, servants and/or employees, including but not limited to defendants DRAIN, PETRELLI, ORTIZ, and DOES 1-15, under the doctrine of respondeat superior.

149.    That as a result of the foregoing, plaintiffs were severely and seriously injured, both bodily and mentally, suffered a loss of enjoyment of life, loss of liberty, suffered economic loss and other damages.

150.    The amount of damages sought in this action exceeds the jurisdictional limits of all lower Courts that might otherwise have jurisdiction.

### NINTH CAUSE OF ACTION AGAINST DEFENDANTS DRAIN, PETRELLI, ORTIZ, and DOES 1-15
#### (42 .S.C. § 1983 based on Excessive Force)

151.    The above-described actions of defendants DRAIN, PETRELLI, ORTIZ, and DOES 1-15 were excessive, unwarranted, unnecessary and violent and violated plaintiff's rights under the New York State and federal Constitutions.

152.    Defendants' aforesaid violent, unnecessary, unwarranted, malicious, and unlawful conduct  shocks the conscience, and deprived plaintiffs of their rights, privileges and immunities secured by the Constitution of the United States of America, inter alia, plaintiffs' Fourth and Fourteenth Amendment rights.

153.    That as a result of the foregoing, plaintiffs were severely and seriously injured, both bodily and mentally, suffered a loss of enjoyment of life, loss of liberty, suffered economic loss and other damages.

154.    Defendants DRAIN, PETRELLI, ORTIZ, and DOES 1-15 are sued in their individual and official capacities.

155.    The amount of damages sought in this action exceeds the jurisdictional limits of all lower Courts that might otherwise have jurisdiction.

### TENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
#### (Intentional Infliction of Emotional Distress)

156.    Plaintiffs repeat and re-allege each and every allegation set forth above as fully set forth at length herein.

157.    The above-described conduct of the NYPD officers, including but not limited to defendants DRAIN, PETRELLI, ORTIZ, and DOES 1-15, was extreme, outrageous, shocking and exceeded all reasonable bounds of decency.

158.    Defendant CITY is liable for the damages suffered by plaintiffs as a result of the conduct of its agents, servants and/or employees, including but not limited to defendants DRAIN, PETRELLI, ORTIZ, and DOES 1-15, under the doctrine of respondeat superior.

159.    Defendants' extreme and outrageous conduct was intended to cause and did cause severe emotional distress to plaintiffs.

160.    That as a result of the foregoing, plaintiffs were severely and seriously injured, both bodily and mentally, suffered a loss of enjoyment of life, loss of liberty, suffered economic loss and other damages.

161.    Said acts and conduct of defendants were the direct and proximate cause of injury and damage to plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

162.    The amount of damages sought in this action exceeds the jurisdictional limits of all lower Courts that might otherwise have jurisdiction.

### ELEVENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
### (Negligence/Gross Negligence)

163.    Plaintiffs repeat and re-allege each and every allegation contained above as though set forth at length herein.

164.    That defendant CITY, its agents, servants and/or employees, including defendants DRAIN, PETRELLI, ORTIZ, and DOES 1-15, caused plaintiffs to sustain severe injuries.

165.    That the aforesaid incident and resulting injuries to plaintiffs were due to the negligence and/or gross negligence of NYPD officers, including but not limited to defendants herein, and each of them, in the manner in which they performed their duties as officers of the NYPD; in failing to exercise reasonable care in connection with the performance of their duties; in failing adequately to evaluate the situation confronting them; and in otherwise being negligent and/or grossly negligent.

166.    That the aforementioned incident and injuries were caused solely and wholly by reason of the recklessness, carelessness, and negligence/gross negligence of defendants herein, and/or their agents, servants and/or employees, and without any negligence on the part of plaintiffs contributing thereto.

167.    Said acts and conduct of defendants were the direct and proximate cause of injury and damage to plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

168.    That as a result of the foregoing, plaintiffs were was severely and seriously injured, both bodily and mentally, suffered a loss of enjoyment of life, loss of liberty, suffered economic loss and other damages.

169.    That defendant CITY is liable for the damages suffered by plaintiffs as a result of the conduct of its agents, servants and/or employees, under the doctrine of respondeat superior.

170.    The amount of damages sought in this action exceeds the jurisdictional limits of all lower Courts that might otherwise have jurisdiction.

## TWELFTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
### (Negligent Infliction of Emotional Distress)

171.    Plaintiffs repeat and re-allege each and every allegation set forth above as though fully set forth at length herein.

172.    The aforesaid acts by said NYPD officers, including but not limited to defendants DRAIN, PETRELLI, ORTIZ, and DOES 1-15 were extreme, outrageous, shocking and exceeded all reasonable bounds of decency, so as to be regarded as atrocious and utterly intolerable in a civilized community.

173.    Said extreme and outrageous conduct breached a duty owed to plaintiffs to, among other things, protect and safeguard plaintiffs' welfare and safety, and caused plaintiffs to fear for their own physical safety and caused plaintiffs to be severely and seriously injured, both bodily and mentally, to suffer loss of enjoyment of life, and to suffer economic loss and other damages.

174.    The actions and conduct of defendants, their agents, servants, and/or employees, were the direct and proximate cause of injury and damage to plaintiffs and violated plaintiffs' statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

175.    That as a result of the foregoing, plaintiffs were severely and seriously injured, both bodily and mentally, suffered loss of enjoyment of life, loss of liberty, suffered economic loss and other damages.

176.    That defendant CITY is liable for the damages suffered by plaintiffs as a result of the conduct of its agents, servants, and/or employees under the doctrine of respondeat superior.

177.   The amount of damages sought in this action exceeds the jurisdictional limits of all lower Courts that might otherwise have jurisdiction.

### THIRTEENTH CAUSE OF ACTION AGAINST DEFENDANT CITY
### (Negligent Training, Supervision, Hiring and Retention)

178.   Plaintiffs repeat and re-allege each and every allegation set forth above as though fully set forth at length herein.

179.   That the injury to plaintiffs caused by the aforesaid actions of the NYPD officers, including defendants DRAIN, PETRELLI, ORTIZ, and DOES 1-15, were the result of the negligence of defendant CITY in its supervision, training, discipline, hiring and retention of said police officers.

180.   That due to the negligent supervision, training and retention by the CITY of its police officers, including but not limited to defendants DRAIN, PETRELLI, ORTIZ, and DOES 1-15, plaintiffs' statutory and common law rights as guaranteed by the laws and Constitution of the State of New York were violated and plaintiffs were severely and seriously injured, both bodily and mentally, suffered a loss of enjoyment of life, suffered economic loss and other damages.

181.   The amount of damages sought in this action exceeds the jurisdictional limits of all lower Courts that might otherwise have jurisdiction.

### FOURTEENTH CAUSE OF ACTION AGAINST DEFENDANT CITY
### (42 U.S.C. §1983 - "Monell" Claim based on Failure to Train/Supervise)

182.   Plaintiffs repeat and re-allege each and every allegation set forth above as though fully set forth at length herein.

183.    Defendant CITY had prior notice of the vicious propensities of defendants DRAIN, PETRELLI, ORTIZ, and DOES 1-15, but took no steps to train them, correct their abuse of authority, or to discourage their unlawful use of authority.

184.    The failure of defendant CITY to properly train defendants DRAIN, PETRELLI, ORTIZ, and DOES 1-15 included the failure to instruct them in applicable provisions of the Penal Law and Criminal Procedure Law of the State of New York and in all constitutional, statutory and common law limitations and rules governing search and seizure and the proper and prudent use of force.

185.    Defendant CITY authorized, tolerated as institutionalized practices, and ratified the misconduct detailed above by:

    a.    Failing to properly discipline, restrict, and control employees, including defendants DRAIN, PETRELLI, ORTIZ, and DOES 1-15, known to be irresponsible in their dealings with citizens of the community;

    b.    Failing to take adequate precautions in the hiring, training, promotion, and retention of police personnel, including specifically defendants DRAIN, PETRELLI, ORTIZ, and DOES 1-15;

    c.    Failing to establish or assure the functioning of a bona fide and meaningful departmental system for dealing with complaints of police misconduct, but instead responding to these types of complaints with bureaucratic power and official denials calculated to mislead the public.

186.    That the failure to supervise and/or train by the defendant CITY of defendants DRAIN, PETRELLI, ORTIZ, and DOES 1-15 rose to the level of deliberate indifference to the consequences of its actions, and indifference to plaintiffs' rights, privileges and immunities secured by the Constitution of the United States of America inter alia, plaintiffs' Fourth and Fourteenth Amendment rights.

187.    That as a result of the foregoing, plaintiffs were severely and seriously injured, both bodily and mentally, suffered a loss of enjoyment of life, loss of liberty, suffered economic loss and other damages.

188.    The amount of damages sought in this action exceeds the jurisdictional limits of all lower Courts that might otherwise have jurisdiction.

## FIFTEENTH CAUSE OF ACTION AGAINST DEFENDANTS DRAIN, PETRELLI, ORTIZ, and DOES 1-15
(42 U.S.C. § 1983 based on Failure to Intervene)

189.    Plaintiffs repeat and re-allege each and every allegation set forth above as though fully set forth at length herein.

190.    The aforesaid unnecessary, unwarranted, and unlawful conduct took place in defendants' presence, and although each defendant observed said conduct, each failed or refused to take reasonable steps to protect plaintiffs from said conduct by the other officers.

191.    Defendants' nonfeasance deprived plaintiffs of their rights, privileges and immunities secured by the Constitution of the United States of America, inter alia, plaintiffs' Fourth and Fourteenth Amendment rights.

192.    That as a result of the foregoing, plaintiffs were severely and seriously injured, both bodily and mentally, suffered loss of liberty and a loss of enjoyment of life, and suffered economic loss and other damages.

31

193.    Defendants DRAIN, PETRELLI, ORTIZ, and DOES 1-15 are sued in their individual and official capacities.

194.    The amount of damages sought in this action exceeds the jurisdictional limits of all lower Courts that might otherwise have jurisdiction.

### SIXTEENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Violation of Article I, § 12 of the New York State Constitution)

195.    Plaintiffs repeat and re-allege each and every allegation set forth above as though fully set forth at length herein.

196.    That by virtue of the aforementioned acts, defendants are liable to plaintiffs for violating their right to be free of unreasonable and unlawful searches and seizures under Article I, § 12 of the New York State Constitution.

197.    The acts and conduct of the agents and employees of defendant CITY, including defendants DRAIN, PETRELLI, ORTIZ, and DOES 1-15, were the direct and proximate cause of injury and damage to plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

198.    That defendant CITY is liable for the damages suffered by plaintiffs as a result of the conduct of its agents, servants, and/or employees under the doctrine of respondeat superior.

199.    That as a result of the foregoing, plaintiffs were severely and seriously injured, both bodily and mentally, suffered a loss of enjoyment of life, loss of liberty, and suffered economic loss and other damages.

200.    The amount of damages sought in this action exceeds the jurisdictional limits of all lower Courts that might otherwise have jurisdiction.

## SEVENTEENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Malicious Abuse of Process)

201.    Plaintiffs repeat and re-allege each and every allegation set forth above as though fully set forth at length herein.

202.    By the conduct and actions described above, defendants employed regularly issued process against plaintiffs compelling the performance or forbearance of prescribed acts.

203.    The purpose of activating the process was intent to harm plaintiffs without economic or social excuse or justification, and the defendants were seeking a collateral advantage or corresponding detriment to plaintiffs which was outside the legitimate ends of the process. This included, but was not limited to, covering up defendants' illegal actions in knowingly searching plaintiffs' apartment and in arresting plaintiffs without any legal basis, justification, or probable cause.

204.    The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York, and as a result of the foregoing, plaintiffs were severely and seriously injured, both bodily and mentally, suffered a loss of liberty and a loss of enjoyment of life, and suffered economic loss and other damages.

205.    That defendant CITY is liable for the damages suffered by plaintiffs as a result of the conduct of its agents, servants, and/or employees, including defendants DRAIN, PETRELLI, ORTIZ, and DOES 1-15, under the doctrine of respondeat superior.

206.    The amount of damages sought in this action exceeds the jurisdictional limits of all lower Courts that might otherwise have jurisdiction.

## EIGHTEENTH CAUSE OF ACTION AGAINST DEFENDANTS
## DRAIN, PETRELLI, ORTIZ, and DOES 1-15
(42 U.S.C. § 1983 based on Malicious Abuse of Process)

207.    Plaintiffs repeat and re-allege each and every allegation set forth above as though fully set forth at length herein.

208.    By the conduct and actions described above, defendants employed regularly issued process against plaintiffs compelling the performance or forbearance of prescribed acts.

209.    The purpose of activating the process was intent to harm plaintiffs without economic or social excuse or justification, and the defendants were seeking a collateral advantage or corresponding detriment to plaintiffs which was outside the legitimate ends of the process. This included, but was not limited to, covering up defendants' illegal actions in knowingly searching plaintiffs' apartment and in arresting plaintiffs without any legal basis, justification, or probable cause.

210.    The acts and conduct of defendants were the direct and proximate cause of injury and damage to plaintiffs and that by virtue of the aforementioned acts, plaintiffs were deprived of their rights, privileges and immunities secured by the Constitution of the United States, including their rights under the Fourth and Fourteenth Amendments to the U.S. Constitution to be free from unreasonable or unlawful searches and seizures, and as a result of the foregoing, plaintiffs were severely and seriously injured, both bodily and mentally, suffered a loss of liberty and a loss of enjoyment of life, and suffered economic loss and other damages.

211.    Defendants DRAIN, PETRELLI, ORTIZ, and DOES 1-15 are sued in their individual and official capacities.

212.    The amount of damages sought in this action exceeds the jurisdictional limits of all lower Courts that might otherwise have jurisdiction.

## NINETEENTH CAUSE OF ACTION AGAINST DEFENDANTS
## DRAIN, PETRELLI, ORTIZ, and DOES 1-15
(Conspiracy under 42 U.S.C. § 1983)

213.    Plaintiffs repeat and re-allege each and every allegation set forth above as though fully set forth at length herein.

214.    That defendants DRAIN, PETRELLI, ORTIZ, and DOES 1-15 agreed, cooperated, participated, and conspired to assist in and effectuate the illegal search of plaintiffs' residence and to assist in and effectuate plaintiffs' unlawful detentions, arrests, imprisonments, and prosecutions, and in so doing deprived plaintiffs of their rights, privileges and immunities secured by the Constitution of the United States, including their rights under the Fourth and Fourteenth Amendments to the U.S. Constitution to be free from unreasonable or unlawful searches and seizures.

215.    That defendants DRAIN, PETRELLI, ORTIZ, and DOES 1-15 are sued in their individual and official capacities.

216.    That as a result of the foregoing, plaintiffs were severely and seriously injured, both bodily and mentally, suffered loss of liberty and suffered a loss of enjoyment of life, and suffered economic loss and other damages.

217.    The amount of damages sought in this action exceeds the jurisdictional limits of all lower Courts that might otherwise have jurisdiction.

## TWENTIETH CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Conspiracy under New York State Law)

218.    Plaintiffs repeat and re-allege each and every allegation set forth above as though fully set forth at length herein.

219.    By the actions described above, defendants jointly and severally, acting in their individual capacities and under color of law, conspired together and maliciously and willfully entered into a scheme to deprive plaintiffs of their rights, liberty, and well-being and to commit the above-alleged unlawful acts. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiffs and violated their rights as guaranteed by the laws and Constitution of the State of New York.

220.    That as a result of the foregoing, plaintiffs were severely and seriously injured, both bodily and mentally, suffered loss of liberty and suffered a loss of enjoyment of life, and suffered economic loss and other damages.

221.    That defendant CITY is liable for the damages suffered by plaintiffs as a result of the conduct of its agents, servants, and/or employees, including but not limited to defendants DRAIN, PETRELLI, ORTIZ, and DOES 1-15, under the doctrine of <u>respondeat superior</u>.

222.    The amount of damages sought in this action exceeds the jurisdictional limits of all lower Courts that might otherwise have jurisdiction.

### TWENTY-FIRST CAUSE OF ACTION AGAINST ALL DEFENDANTS
(Prima Facie Tort)

223.    Plaintiffs repeat and re-allege each and every allegation set forth above as though fully set forth at length herein.

224.    By the conduct and actions described above, defendants maliciously and intentionally inflicted harm on plaintiffs without lawful excuse or justification.

225.    Said acts and conduct of defendants were the direct and proximate cause of injury and damage to plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

226.    As a result of the foregoing, plaintiffs were deprived of their liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, economic damages, costs and expenses, and were otherwise damaged and injured.

227.    That defendant CITY is liable for the damages suffered by plaintiffs as a result of the conduct of its agents, servants, and/or employees, including but not limited to defendants DRAIN, PETRELLI, ORTIZ, and DOES 1-15 under the doctrine of respondeat superior.

228.    The amount of damages sought in this action exceeds the jurisdictional limits of all lower Courts that might otherwise have jurisdiction.

*       *       *

**WHEREFORE**, plaintiffs demand the following relief jointly and severally against each defendant:

a.  Compensatory damages in an amount against defendants herein which exceeds the jurisdictional limits of all lower Courts that might otherwise have jurisdiction herein;

b.  Punitive damages in an amount to be determined by a jury;

c.  The convening of a jury to consider the merits of the claims herein;

d.  Attorney's fees pursuant to 42 U.S.C. § 1988;

e.  An award of plaintiffs' costs of suit;

f.  Pre-judgment and post-judgment interest;

g.  Such other further relief as this Court may deem appropriate and equitable, including injunctive and declaratory relief as may be required in the interest of justice.

Dated:    New York, New York
          September 10, 2012

Yours, etc.,

BENNO & ASSOCIATES P.C.

By: _____
    Ameer Benno [AB-1130]
    110 Wall Street, 11th Floor
    New York, NY 10005
    Tel.: (212) 227-9300
    abenno@ameerbenno.com

Attorneys for Plaintiffs